# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2315

_____

| | | |
|---|---|---|
| Chester W. Jenkins, M.D., | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| St. Paul Fire & Marine Insurance | * | [UNPUBLISHED] |
| Company, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  April 9, 2001

Filed:  April 12, 2001

_____

Before BOWMAN and FAGG, Circuit Judges, and CARMAN, Chief Judge.[1]

_____

PER CURIAM.

A qui tam action was filed against Chester W. Jenkins, M.D., alleging that he conspired with others to knowingly file false claims, and that he did file false claims, with the Healthcare Finance Administration ("HCA").  Dr. Jenkins in turn filed a declaratory judgment action against St. Paul Fire & Marine Insurance Company ("St. Paul") alleging that it had a duty to defend him in the qui tam action.  Dr. Jenkins's

_____

[1]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

policy with St. Paul provides coverage only for damages resulting from his "providing or withholding of professional services." The District Court[2] dismissed Dr. Jenkins's declaratory judgment action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dr. Jenkins appeals. Our review is de novo.

As the District Court determined, St. Paul did not have a duty to defend unless there was a possibility that the damages claimed by the relators in the qui tam action would have fallen within the policy coverage. The qui tam action was brought under the federal False Claims Act ("FCA"). The FCA imposes liability on persons or corporations who knowingly submit false claims to the government for reimbursement. See 31 U.S.C. § 3729(b) (defining "knowingly"). Thus, for the relators in the qui tam action to have recovered against Dr. Jenkins, they were required to prove that he knowingly submitted false claims to the HCA for reimbursement. Accordingly, any award in that action would not have resulted from the "providing or withholding of professional services." We therefore conclude that the District Court correctly determined that St. Paul had no duty to defend Dr. Jenkins in the qui tam action, inasmuch as there was no possibility that the qui tam action would have resulted in an award that fell within the coverage provided by the St. Paul policy.

Finding no error in the District Court's dismissal of Dr. Jenkins's action for a declaratory judgment, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.